**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 13-20345 GR-MOORE

/ TORRES

21 U.S.C. § 963
21 U.S.C. § 853

Sealed

**UNITED STATES OF AMERICA**

vs.

**HUGO CARVAJAL BARRIOS,**
 a/k/a "Pollo,"

FILED BY _____ D.C.

MAY 1 6 2013

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. MIAMI

        Defendant.

_____/

## INDICTMENT

The Grand Jury charges that:

## COUNT 1

At all times relevant to this Indictment:

1.      The North Valley Cartel (hereinafter "NVC") was a criminal organization based in Colombia whose members engaged in: (a) the illegal trafficking of cocaine to the United States and elsewhere; (b) the laundering of drug proceeds; (c) the bribing of law enforcement officials; and (d) the kidnaping, torture, and murder of informants, rival drug traffickers, and other perceived enemies of the NVC.

2.      **HUGO CARVAJAL BARRIOS, a/k/a "Pollo,"** was a high-ranking military intelligence officer with the Dirección Inteligencia de Militar de Venezuela (Venezuelan Directorate of Military Intelligence) (hereinafter "DIM") and its successor agency.

3.      Starting in the early-1990s and continuing through the early-2000s, high-ranking members of the NVC began splintering off and forming rival factions.

4.      From at least as early as 1998 until his death on or about January 29, 2008, the exact dates being unknown to the Grand Jury, Wilber Varela, a/k/a "Jabon," (hereinafter "Varela") was the leader of one of these NVC factions.

5.      In and around 2004, the exact date being unknown to the Grand Jury, Varela relocated his base of operations to the country of Venezuela for reasons including the threat of capture by Colombian law enforcement authorities and the threat of violence from competing narcotraffickers.

6.      Several of the high ranking members of Varela's faction also ultimately relocated to Venezuela.

7.      From at least as early as in and around 2004 until his death on or about January 29, 2008, the exact dates being unknown to the Grand Jury, Varela and other members of Varela's faction sent thousands of kilograms of cocaine from Venezuela to countries such as Mexico, with the knowledge that the cocaine would be unlawfully imported into the United States.

8.      From at least as early as in and around 2004 until his death on or about January 29, 2008, the exact dates being unknown to the Grand Jury, Varela paid **HUGO CARVAJAL BARRIOS, a/k/a "Pollo,"** and other high-ranking Venezuelan law enforcement and military officials to assist Varela's faction's drug trafficking activities.

9.      **HUGO CARVAJAL BARRIOS, a/k/a "Pollo,"** and other high-ranking Venezuelan law enforcement and military officials assisted Varela's faction's drug trafficking activities by, among other things: 1) allowing members of Varela's faction to export cocaine from Venezuela; 2) providing members of Varela's faction with protection from capture; and 3) providing information regarding the activities of Venezuelan military and law enforcement personnel.

10.      Following Varela's death, members of his faction continued to pay **HUGO**

-2-

CARVAJAL BARRIOS, a/k/a "Pollo," and other high-ranking Venezuelan law enforcement and military officials to assist their own drug trafficking activities.

11.     In addition to the assistance described above in Paragraphs Nine and Ten, **HUGO CARVAJAL BARRIOS, a/k/a "Pollo,"** sold hundreds of kilograms of cocaine to a member of Varela's faction.

12.     From at least as early as in and around 2004 and continuing through in and around September 2010, the exact dates being unknown to the Grand Jury, **HUGO CARVAJAL BARRIOS, a/k/a "Pollo,"** also provided assistance to narcotraffickers and their transportation organizations other than Varela and members of his faction.

13.     **HUGO CARVAJAL BARRIOS, a/k/a "Pollo,"** assisted these narcotraffickers and their transportation organizations by, among other things: 1) allowing these narcotraffickers and their transportation organizations to export cocaine from, and import money into, Venezuela; 2) providing these narcotraffickers and their transportation organizations with protection from capture; 3) providing information regarding the activities of Venezuelan military and law enforcement personnel; and 4) investing in cocaine loads being exported from Venezuela.

### (Conspiracy to Distribute Cocaine with the Knowledge and Intent that it will be Unlawfully Imported into the United States) 21 U.S.C. § 963

14.     From at least as early as in and around 2004 and continuing through in and around September 2010, the exact dates being unknown to the Grand Jury, in the countries of Colombia, Venezuela, Mexico, and elsewhere, the defendant,

**HUGO CARVAJAL BARRIOS,**
a/k/a "Pollo,"

did knowingly and willfully combine, conspire, confederate, and agree with Wilber Varela, a/k/a/ "Jabon," and with persons known and unknown to the Grand Jury, to distribute a controlled substance in Schedule II, knowing and intending that such controlled substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a)(1) and 959(a)(2); all in violation of Title 21, United States Code, Section 963.

15.     Pursuant to Title 21, United States Code, Section 960(b)(1)(B), it is further alleged that this violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.

## FORFEITURE ALLEGATIONS

16.     The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **HUGO CARVAJAL BARRIOS, a/k/a "Pollo,"** has an interest.

17.     Upon conviction of a violation of Title 21, United States Code, Section 963, as alleged in this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, pursuant to Title 21, United States Code, Sections 853(a)(1) and (2).

18.     All pursuant to Title 21, United States Code, Section 853, as made applicable by Title

21, United States Code, Section 970.

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
RICHARD D. GREGORIE
ASSISTANT UNITED STATES ATTORNEY

_____
ADAM S. FELS
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**                          **CASE NO.** _____

vs.

**HUGO CARVAJAL BARRIOS,**                          **CERTIFICATE OF TRIAL ATTORNEY***
  a/k/a "Pollo,"
         **Defendant.**
_____/                   **Superseding Case Information:**

**Court Division**: (Select One)          New Defendant(s)          Yes _____   No ____
                                          Number of New Defendants  _____
__X__ Miami ____ Key West                 Total number of counts    _____
____ FTL   ____ WPB   ____ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:     (Yes or No)     Yes
    List language and/or dialect     Spanish

4.  This case will take    __10__    days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                              (Check only one)

    I     0 to 5 days     _____          Petty        _____
    II    6 to 10 days    __x__           Minor        _____
    III   11 to 20 days   _____          Misdem.      _____
    IV    21 to 60 days   _____          Felony       __x__
    V     61 days and over _____

6.  Has this case been previously filed in this District Court? (Yes or No)    __No__
    If yes:
    Judge: _____          Case No._____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?     (Yes or No)    __No__
    If yes:
    Magistrate Case No.                    _____
    Related Miscellaneous numbers:         _____
    Defendant(s) in federal custody as of  _____
    Defendant(s) in state custody as of    _____
    Rule 20 from the    _____    District of _____

    Is this a potential death penalty case? (Yes or No)    __No__

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    _____ Yes    __X__ No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    _____ Yes    __X__ No

Adam S. Fels
ASSISTANT UNITED STATES ATTORNEY
Court No. A5501040

*Penalty Sheet(s) attached

REV 4/8/08

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**:   **HUGO CARVAJAL BARRIOS, a/k/a "Pollo,"**

**Case No**:

Count #: 1

Conspiracy to Distribute Cocaine with Knowledge And Intent That It Will Be Unlawfully Imported Into the United States

Title 21, United States Code, Section 963

**\* Max.Penalty**: Life imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**